UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VIZ MEDIA, LLC,<br><br>       Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS and<br>UNINCORPORATED ASSOCIATIONS<br>IDENTIFIED ON SCHEDULE A,<br><br>       Defendants. | Case No. 24-cv-12581<br><br>Hon. Steven C. Seeger |

**ORDER**

  Plaintiff VIZ Media, LLC, ("VIZ Media") filed an *Ex Parte* Motion for Entry of a Temporary Restraining Order and Other Relief (the "Motion") against the fully interactive, e-commerce stores[1] operating under the seller aliases identified in Schedule A to the Complaint and attached hereto (collectively, "Defendants") and using at least the domain names identified in Schedule A (the "Defendant Domain Names") and the online marketplace accounts identified in Schedule A (the "Online Marketplaces"). After reviewing the Motion and the accompanying record, this Court grants VIZ Media's Motion in part as follows.

  This Court finds, in the absence of adversarial presentation, that it has personal jurisdiction over Defendants because Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, VIZ Media has provided a basis to conclude that Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer shipping to the United

---

[1] The e-commerce store urls are listed on Schedule A hereto under the Online Marketplaces.

1

States, including Illinois, and have sold products using infringing and counterfeit versions of VIZ Media's federally registered trademarks and copyrights (the "VIZ Media Trademarks and Copyrights") to residents of Illinois. In this case, VIZ Media has presented screenshot evidence that each Defendant e-commerce store is reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can and do purchase products using counterfeit versions of the VIZ Media Trademarks and Copyrights. *See* Docket No. 11, which includes screenshot evidence confirming that each Defendant internet store does stand ready, willing and able to ship its counterfeit goods to customers in Illinois bearing infringing and/or counterfeit versions of the VIZ Media Trademarks and Copyrights. Lists of the VIZ Media Trademarks and Copyrights are shown in the tables below.

## TRADEMARKS

| REG. NO. | WORD/DESIGN MARK | CLASS(ES) | REG. DATE |
|---|---|---|---|
| 4542478 | RWBY | Class 16: Comic books and posters. Class 41: Entertainment services, namely, providing a series of movies featuring live action, comedy, and computer animation through the internet; providing a web site featuring online non-downloadable comic strips and information about video games. Class 25: Clothing, namely, t-shirts and hooded sweatshirts. | June 3, 2014 |

## COPYRIGHTS

| Title | Reg. No. | Date |
|---|---|---|
| *RWBY 1.* | TX0009019557 | 2020 |
| *RWBY 1.* | TX0009019559 | 2021 |
| *RWBY 1 Variant Cover.* | TX0008931814 | 2020 |
| *RWBY 2.* | TX0009019553 | 2020 |
| *RWBY 2.* | TX0009019554 | 2021 |

2

| Title | Reg. No. | Date |
|---|---|---|
| *RWBY 2 Variant Cover.* | TX0008931702 | 2020 |
| *RWBY 3.* | TX0009019550 | 2020 |
| *RWBY 3.* | TX0009019551 | 2021 |
| *RWBY 3.* | TX0008931681 | 2020 |
| *RWBY 4.* | TX0009019548 | 2020 |
| *RWBY 4.* | TX0009019549 | 2021 |
| *RWBY 4 Variant Cover.* | TX0008931684 | 2020 |
| *RWBY: After the Fall.* | TX0008786117 | 2019 |
| *RWBY: Before the Dawn.* | TX0009012686 | 2020 |
| *RWBY Fairy Tales of Remnant.* | TX0009251950 | 2020 |
| *RWBY Roman Holiday.* | TX0009110120 | 2021 |
| *RWBY Volume 1.* | PA0001964325 | 2015 |
| *RWBY Volume 2.* | PA0001964326 | 2015 |
| *RWBY Volume 3.* | PA0002041573 | 2016 |

This Court also finds that issuing this Order without notice pursuant to Rule 65(b)(1) of the Federal Rules of Civil Procedure is appropriate because VIZ Media has presented specific facts in the Declaration of Stewart Miller in support of the Motion and accompanying evidence clearly showing that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition. Specifically, in the absence of an *ex parte* Order, Defendants could and likely would move any assets from accounts in financial institutions under this Court's jurisdiction to off-shore accounts. Accordingly, this Court orders that:

1. Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be temporarily enjoined and restrained from:

   a. using the VIZ Media Trademarks and Copyrights or any reproductions, counterfeit copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine VIZ Media product or not authorized by VIZ Media to be sold in connection with the VIZ Media Trademarks and Copyrights;

3

b. passing off, inducing, or enabling others to sell or pass off any product as a genuine VIZ Media product or any other product produced by VIZ Media, that is not VIZ Media's or not produced under the authorization, control, or supervision of VIZ Media and approved by VIZ Media for sale under the VIZ Media Trademarks and Copyrights;

c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control, or supervision of VIZ Media, or are sponsored by, approved by, or otherwise connected with VIZ Media; and

d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for VIZ Media, nor authorized by VIZ Media to be sold or offered for sale, and which bear any of the VIZ Media Trademarks and Copyrights, or any reproductions, counterfeit copies, or colorable imitations.

2. VIZ Media is authorized to issue expedited written discovery to Defendants, pursuant to Federal Rules of Civil Procedure 33, 34, and 36, related to:

a. the identities and locations of Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated e-mail addresses;

b. the nature of Defendants' operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with the Online Marketplaces and Defendants' financial accounts, including Defendants' sales and listing history related to their respective Online Marketplaces; and

    c. any financial accounts owned or controlled by Defendants, including their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, PayPal, Inc. ("PayPal"), Alipay, ContextLogic Inc. d/b/a Wish.com ("Wish.com"), Alibaba Group Holding Ltd. ("Alibaba"), Ant Financial Services Group ("Ant Financial"), Amazon Pay, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

3. The Court authorizes Plaintiff to serve third-party discovery on an expedited basis, with responses due not less than 10 days after service. The requests shall be proportional to the immediate needs of the case. *See* Fed. R. Civ. P. 26(b)(1). For example, a request for "documents sufficient to show X" is better than a request for "all documents showing X." Plaintiff shall consider what documents it genuinely needs at this early stage, and shall take into account the burden on third parties. Plaintiff shall work cooperatively with third parties impacted by this Order and make reasonable, good faith efforts to ease the burdens imposed by Plaintiff's request for expedited discovery.

4. VIZ Media may provide notice of the proceedings in this case to Defendants, including notice of the preliminary injunction hearing, service of process pursuant to Fed. R. Civ. P. 4(f)(3), and any future motions, by electronically publishing a link to the Complaint, this Order, and other relevant documents on a website and by sending an e-mail with a link to said website and any e-mail addresses provided for Defendants by third parties. The Clerk of the Court is directed to issue a single original summons in the name of

"caiyunpiao_39638 and all other Defendants identified in the Complaint" that shall apply to all Defendants. The combination of providing notice via electronic publication and e-mail, along with any notice that Defendants receive from payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

5. VIZ Media must provide notice to Defendants of any motion for preliminary injunction as required by Rule 65(a)(1).

6. Within fourteen (14) calendar days of entry of this Order, VIZ Media shall deposit with the Court $1,000 per Defendant, either law firm check, cash or surety bond, as security, which amount has, in the absence of adversarial testing, been deemed adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful restraint hereunder.

7. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and the Northern District of Illinois Local Rules. Any third party impacted by this Order may move for appropriate relief.

8. This Temporary Restraining Order without notice shall remain in effect for fourteen (14) calendar days.

Date: April 3, 2025

Steven C. Seeger
United States District Judge

## SCHEDULE A

| DOE No. | Defendants | Seller URL |
|---|---|---|
| 1 | caiyunpiao_39638 | https://www.ebay.com/usr/caiyunpiao_39638 |